UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HEATHER SPENCER,
          Plaintiff,

vs.

PFAU COCHRAN VERTETIS KOSNOFF PLLC, a Washington company,

          Defendant.

NO.  2:10-CV-01582

COMPLAINT FOR DAMAGES

**JURY DEMAND**

## I. INTRODUCTION

1.1   Plaintiff Heather Spencer requests damages, liquidated damages, double damages, and attorneys' fees and costs for the wrongful and willful withholding of overtime wages by her former employer and Defendant, Pfau Cochran Vertetis Kosnoff PLLC.

## II. PARTIES

2.1     Plaintiff Heather Spencer is an individual residing in Pierce County, Washington.

2.2     Defendant Pfau Cochran Vertetis Kosnoff PLLC is a duly registered and licensed Washington corporation that transacts business in Pierce County and throughout Washington State.  Its registered agent is located within this judicial district.

## III. JURISDICTION AND VENUE

3.1     Acts complained of herein occurred in Pierce County, Washington.

3.2     At all times material to this action, defendant Pfau Cochran Vertetis Kosnoff PLLC transacted business within this judicial district by designating its agent for service of process in the Western District of Washington and by maintaining offices within this judicial district.

3.3     At all times material to this action, defendant Pfau Cochran Vertetis Kosnoff PLLC had continuous and systematic contact with this judicial district.

3.4     Jurisdiction is proper pursuant to 28 U.S.C. § 1331 in that the claims alleged herein arise under the laws of the United States, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-209.  Plaintiff has a right to bring an action under the Fair Labor Standards Act pursuant to 29 U.S.C. 216(b).

3.5     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine plaintiff's state law claims because those claims are related to plaintiff's federal claims and arise out of a common nucleus and related facts. Plaintiff's state law claims are related to plaintiff's federal law claims in that those claims form part of the same case or controversy under Article III of the United States Constitution.

3.6     Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(b)(2) since some of the unlawful conduct that gives rise to these claims occurred within the Western District of Washington.

## IV. FACTUAL BACKGROUND

4.1     Defendant is an "employer" subject to statutes governing employment and the payment of wages in the State of Washington, including Ch. 49.12 RCW, Ch. 49.46 RCW, Ch. 49.48 RCW, and Ch. 49.52 RCW, and under Federal Law, including the Fair Labor Standards Act. 29 U.S.C § 201 et seq.

4.2     Plaintiff was hired as a salaried employee of the defendant on December 26, 2008.  Plaintiff's primary supervisors were partners and owners Darrell L. Cochran and Thomas B. Vertetis.

4.3     Prior to commencing her employment with the defendant, plaintiff worked as a salaried employee at a law firm that had principle offices in Seattle and Tacoma.  Here, plaintiff was paid a usual and

customary wage based on more than a decade of employment and experience in her field.  Additionally, plaintiff was vested and participated in profit sharing.

4.4	Defendant recruited plaintiff's services in the fall of 2008.  Defendant promised plaintiff that she would receive the same salary and benefits that she was then receiving at her current job.  At that time, plaintiff's salary and benefits were predicated on a forty hour work week.  Defendant was aware of the conditions of plaintiff's employment when the employment offer was made.

4.5	Plaintiff routinely worked a minimum 85-90 hours per week for the defendant.  She was not properly paid overtime.  She was paid a flat fee amount for her work even though she was not exempt from the overtime requirements of the Washington Minimum Wage Act or the Fair Labor Standards Act.

4.6	Plaintiff's pay stubs reflect that her flat fee amount was predicated on an hourly rate of $33.64.  Defendant's contention that plaintiff was a salaried employee exempt from the Washington Minimum Wage Act or the Fair Labor Standards Act is inconsistent with the hourly wage calculation on plaintiff's pay stubs.  In addition, as a matter of law, plaintiff is not exempt from the overtime pay requirements of state and federal law, thus requiring defendant to compensate plaintiff $50.46 per hour (time and a half) for each of her overtime hours.

4.7	Defendant knew that plaintiff was working in excess of 40 hours per week without receipt of overtime or regular minimum

wage compensation for all hours worked. In fact, on November 2, 2009, defendant nominated plaintiff for the 2009 NALS of Pierce County Award of Excellence, noting that plaintiff routinely worked sixteen hour days for weeks at a time. Moreover, defendant provided overtime compensation for two similarly situated employees after they complained about not being paid for the overtime hours they worked.

4.8     After similarly situated employees complained about not being paid for overtime hours worked, defendant attempted to circumvent a wage claim by plaintiff. Defendant promised to alter plaintiff's employment status by giving her managerial responsibilities. In addition, plaintiff was promised a large wage increase. Defendant never altered plaintiff's employment status, plaintiff was never given additional managerial responsibilities, and plaintiff never received a wage increase.

4.9     Plaintiff requested her promised wage increase and the addition of managerial responsibilities no less than four times between November 2009 and February 2010. Defendant was not responsive to any of these requests.

4.10    Defendant terminated plaintiff's employment on February 26, 2010. Plaintiff was told by her supervisor that she was being terminated as part of a firm restructuring plan.

4.11   In failing to pay required compensation for plaintiff's overtime, defendant has acted willfully and with the intent of depriving plaintiff of her legally required wages.

## V.  CAUSES OF ACTION

**A.   FIRST CAUSE OF ACTION – FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT**

5.1   Plaintiff realleges paragraphs 1.1 through 4.11 of the Complaint and hereby incorporates the same by reference.

5.2   Defendant failed to pay overtime wages to plaintiff even though it is clear that she is entitled to overtime for each workweek that she worked in excess of forty hours.

5.3   Defendant's failure to pay overtime to plaintiff was a willful violation of the Fair Labor Standards Act because defendant was aware that plaintiff was not exempt from the overtime requirements and failed to pay plaintiff overtime.  In fact, on more than one occasion, defendant provided overtime compensation to similarly situated employees and failed to provide such compensation to plaintiff.

5.4   Defendant willfully violated the Fair Labor Standards Act, and relevant state statutes, thereby entitling plaintiff to compensatory damages including damages for lost pay and benefits, liquidated damages, and attorneys' fees and costs.

**B.  SECOND CAUSE OF ACTION – FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE WASHINGTON MINIMUM WAGE ACT**

6.1   Plaintiff realleges paragraphs 1.1 through 5.4 of the Complaint and hereby incorporates the same by reference.

6.2   Plaintiff systematically, and as a matter of the defendant's uniform and regular policy, worked more than eight hours daily and also, on one or more occasions, did not receive at least a thirty minute lunch break for each five hours worked daily as required by the Revised Code of Washington §§ 49.12.005 et seq., §§ 49.48.010 et seq., §§ 49.46.020 et seq., §§ 49.52.010 et seq.

6.3   Defendant systematically, and as a matter of corporate policy in its routine course of business, failed to pay plaintiff her promised benefits and wages as required by the Revised Code of Washington §§ 49.12.005 et seq., §§ 49.48.010 et seq., §§ 49.46.020 et seq., §§ 49.52.010 et seq.

6.4   Defendant's conduct constitutes unlawful failure to record and report hours worked, failure to pay minimum wages, failure to pay overtime, and willful withholding of wages in violation of statutes governing the payment of wages in the State of Washington, including Ch. 49.12 RCW, Ch. 49.46 RCW, Ch. 49.48 RCW, and Ch. 49.52 RCW.

## VI.  PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for relief as follows:

    A.    General damages according to proof in an amount that is yet to be ascertained;

    B.    Special damages according to proof in an amount that is yet to be ascertained;

    C.    Interest on all sums awarded including prejudgment interest;

    D.    Statutory penalties;

    E.    Reasonable attorney's fees and costs of suit; and

    F.    Whatever further and additional relief the court shall deem just and equitable.

## VIII.  JURY DEMAND

Plaintiff requests a jury trial.

DATED this 29th day of September, 2010

/s/ Donald W. Heyrich, WSBA #23091

**HEYRICH KALISH MCGUIGAN PLLC**
PUGET SOUND PLAZA
1325 Fourth Avenue, Suite 540
Seattle, WA  98101
Tel: (206) 838-2504
Fax: (206) 838-2505
E-mail: DHeyrich@hkmlegal.com

Attorneys for Plaintiff Heather Spencer

COMPLAINT FOR DAMAGES - 9